**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

**DARRY GENE YARBRO**                                                                **PETITIONER**


**VS.**                          **CASE NO. 2:08CV00120 JLH/HDY**


**T.C. OUTLAW, WARDEN,**
**FCI FORREST CITY, ARKANSAS**                                           **RESPONDENT**


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**


The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Darry Gene Yarbro, in custody at FCI Forrest City, Arkansas, brings this action pursuant to 28 U.S.C. § 2241. He challenges the manner in which his sentence is being executed, alleging that he has been wrongfully denied credit for time served.

In his petition he notes that he is serving a 46 month sentence for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924. Mr. Yarbro, in state custody in 2005, was transferred to federal custody, pursuant to a writ of habeas corpus ad prosequendum, on June 8, 2005, and was sentenced on January 23, 2006. A few days later, on January 27, 2006, Mr. Yarbro was returned to state custody. He remained there until December 18, 2006, when he was

turned over to federal custody, where he has remained as he serves his 46 month sentence. It is undisputed that sentencing Judge Todd Campbell, United States District Court, Middle District of Tennessee, recommended that Mr. Yarbro receive "credit for time served since being placed in Federal custody on June 8, 2005." *See* attachment to the petition. Judge Campbell stated the following at the sentencing hearing: "You will be entitled a credit for time served since being placed in federal custody on June 8, 2005, but I am not ordering a concurrent sentence." *See* attachment to the petition. Mr. Yarbro did not receive credit on his federal sentence for the time served beginning on June 8, 2005. Instead the federal authorities have computed his federal sentence as commencing on December 18, 2006, the date he was released from Tennessee authorities to the custody of federal officials. Mr. Yarbro has fully presented his claims to the prison officials through the administrative avenues open to him. He now requests this Court to find that his sentence is being improperly executed because he has not been credited for time he served beginning on June 8, 2005, through December 18, 2006. In the alternative, he wants this Court to designate *nunc pro tunc* the time he served from January 23, 2006, when he received his federal sentence, through December 16, 2006, when he was released from Tennessee state custody and began service of his federal sentence. The practical effect of the *nunc pro tunc* designation would be to count the time from January 23, 2006, through December 16, 2006, as time served concurrently on both his federal and state sentences.

     As previously mentioned, the petitioner fully exhausted his administrative remedies. It is helpful to review the following summary, taken from an appeal of the warden's decision regarding Mr. Yarbro's grievance, attached as Exhibit 2 to the response to the petition for writ of habeas corpus (Docket entry no. 6):

     This is in response to your Request for Administrative Remedy dated October 17,

2007, in which you allege that your federal sentence should have began on June 8, 2005, as it is stated in your Judgment in a Criminal Case. You request your sentence be computed from that date forward.

An investigation into your complaint revealed that you were arrested in Davidson County, Tennessee, on January 16, 2004, on charges that led to your current federal conviction. You remained in primary custody of the State of Tennessee and on February 3, 2004, you received 190 days jail, 11 months and 29 days suspended with all but 6 months to be served at 70% of time and 6 months in jail for the various charges. Also, on February 11, 2004, you received a 6 year state sentence for a parole violation. You received pre-trial jail credit from January 12, 2000 to January 13, 2000, and time served credit from February 11, 2004 to September 20, 2006, toward that 6 year sentence.

On June 8, 2005, while you were serving that state sentence, you were taken into temporary federal custody via a Writ of Habeas Corpus. At that time, you were still in primary custody of the State of Tennessee. You were sentenced in Federal court on January 23, 2006, and returned to the State of Tennessee to continue service of your 6 year sentence. You were paroled from that sentence on September 20, 2006, and released to Davidson County to serve the remainder of the sentence imposed for the original charges of January 16, 2004. You were released from that sentence on December 18, 2006, and taken into federal custody.

At the time you were sentenced in federal court, the judge recommended that you be given credit for time served since June 8, 2005. However, pursuant to 18: U.S.C. 3585(b), a defendant is not given credit for time spent in official detention prior to the date the sentence commences if he has received credit for that time against another sentence. In your case, you received credit by the State of Tennessee. Therefore, your federal sentence began on December 18, 2006.

In his response, the respondent cites both 18 U.S.C. § 3585(b) and 18 U.S.C. § 3584(a) as authority for the proposition that the petitioner's federal sentence commenced on January 23, 2006, without credit for time served prior to that date. In pertinent part, 18 U.S.C. § 3585(b) provides that a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence*." (Emphasis added). The respondent urges that credit for Mr. Yarbro is not available since the time in question, June 8, 2005 through January 23, 2006, was time for which

he received credit from the Tennessee authorities[1]. Section 3584(a) of Title 18 deals with imposition of concurrent or consecutive terms, and provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." In this instance, it is certain that the sentencing judge did not order the federal term to run concurrently with the state term; that is clear from the judgment, the sentencing transcript, and the order denying the petitioner's motion to clarify judgment. Confusion results in this case because the sentencing judge is clear that the federal sentence was not to be concurrent with the state term but the sentencing judge was equally clear that he recommended the petitioner receive credit for the time served beginning on June 8, 2005. Notwithstanding the sentencing judge's recommendation, the federal statutes cited herein do not allow the trial judge to award credit for the time served while at the same time imposing a term that is not concurrent. *See U.S. v. Wilson*, 503 U.S. 329 (1992) ("a district court . . . cannot apply § 3585(b) at sentencing."). The pertinent statutes dictate the result, and we find no error in the computation of the petitioner's sentence.

In summary, Mr. Yarbro has not shown any constitutional violation in the manner in which the prison officials have calculated his sentence, nor has he shown that other rules or statutes should have governed the decision. As a result, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

---

[1]The time period in question, from June 8, 2005, through January 23, 2006, was time when the petitioner was in federal custody pursuant to a writ of habeas corpus ad prosequendum. In *Binford v. United States*, 436 F.3d 1252 (10th Cir. 2006), the Court found the use of the writ of habeas corpus ad prosequendum was evidence that the federal custody was "conditional or temporary." 436 F.3d at 1255. This is consistent with the respondent's characterization of the time in question as being time on which the petitioner was "on loan" from the state authorities. Petitioner offers no facts to suggest that this characterization is not accurate in his case.

IT IS SO ORDERED this  9   day of September, 2008.

                                                                          _____
                                                                          UNITED STATES MAGISTRATE JUDGE